United States District Court
Middle District of Florida
Ocala Division

**JAMES ALAN WEST,**

 *Plaintiff,*

v.            No. 5:23-CV-177-TJC-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

## Report and Recommendation

 This is an action under 42 U.S.C. § 405(g) to review a final agency decision denying James West's application for disability-insurance benefits. Doc. 1. The Acting Commissioner of Social Security filed the administrative record, Doc. 9, and moves for an order reversing the final decision and remanding the case, Doc. 12.

 On remand, the Acting Commissioner intends to "instruct the Administrative Law Judge to reconsider the medical opinions and prior administrative medical findings; reconsider the residual functional capacity; obtain additional vocational expert (VE) evidence, and before relying on VE evidence, … identify and resolve any conflict posed by the VE testimony and the Dictionary of Occupational Titles, and … explain in the decision how any conflicts identified have been resolved; offer [West] the opportunity for a new hearing; and issue a new decision only for the period prior to June 7, 2021." Doc. 12 at 1. West has no objection. Doc. 12 at 1.

 When reviewing a final agency decision, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision … with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Considering the absence of opposition and the authority above, the undersigned recommends:

1. **granting** the Acting Commissioner's motion to remand, Doc. 12;

2. **reversing** the agency decision under sentence four of 42 U.S.C. § 405(g);

3. **remanding** the case for the Acting Commissioner to "instruct the Administrative Law Judge to reconsider the medical opinions and prior administrative medical findings; reconsider the residual functional capacity; obtain additional vocational expert (VE) evidence, and before relying on VE evidence, … identify and resolve any conflict posed by the VE testimony and the Dictionary of Occupational Titles, and … explain in the decision how any conflicts identified have been resolved; offer [West] the opportunity for a new hearing; and issue a new decision only for the period prior to June 7, 2021"; and

4. **directing** the clerk to enter judgment in favor of James Alan West and against the Acting Commissioner of Social Security and close the file.

### Deadlines for Objections and Responses to Objections

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the

Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on May 19, 2023.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*